IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HELEN TONSING<br>1248 Canyon View<br>Sagamore Hills, Ohio 44067 ) ) ) | CASE NO. 1 : 10CV2784 |
| ) | JUDGE |
| Plaintiff, ) | JUDGE BOYKO |
| ) | |
| v. ) | **COMPLAINT** |
| ) | MAG. JUDGE VECCHIARELLI |
| UNIVERSITY HOSPITALS, INC. )<br>1111 Euclid Avenue )<br>Cleveland, OH 44106 ) | |
| ) | **Jury Demand Endorsed Hereon** |
| And ) | |
| ) | |
| UNIVERSITY HOSPITALS )<br>HEALTH SYSTEM, INC. )<br>1111 Euclid Avenue )<br>Cleveland, OH 44106 ) | |
| ) | |
| Defendants. ) | |

Plaintiff Helen Tonsing states for her Complaint against Defendants as follows:

## THE PARTIES

1.    Ms. Tonsing is an individual residing in Summit County, Ohio.

2.    University Hospitals, Inc., and University Hospitals Health System, Inc., (jointly,

"UH") is an Ohio corporate entity with its principal place of business in Cuyahoga County.

3.    Ms. Tonsing was an employee of UH as defined in 29 U.S.C. 2611(3).

4.    UH was an employer as defined in 29 U.S.C. 2611(4).

## JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to 29 U.S.C. 2617(a)(2) and venue is proper in this Court as the acts giving rise to Plaintiff's claims occurred within the geographical jurisdiction of this Court.

## THE FACTS

6.     In March 1995, Ms. Tonsing commenced her employment with UH - Bedford Medical Center.

7.     Ms. Tonsing is over the age of 60, and a member of the protected class.

8.     Throughout her employment with UH, Ms. Tonsing earned above-average reviews.

9.     In 2004, Ms. Tonsing acquired the position of Surgical Technician.

10.     In May 2006, during the course of her employment with Defendant, Ms. Tonsing suffered from a serious health condition as defined in 29 U.S.C. § 2611(11).

11.     Ms. Tonsing's serious health condition also qualifies as disability or a perceived disability.

12.     As a result of her serious health condition and/or disability, Ms. Tonsing required surgery.

13.     Despite her serious health condition and/or disability, Ms. Tonsing was qualified to perform her job requirements.

14.     Ms. Tonsing postponed her surgery, to her detriment, in order to help UH as it was understaffed because Ms. Tonsing was the only qualified Surgical Technician available for work in the department.

2

15.     Following Ms. Tonsing's postponement of her surgery, UH re-hired Ms. Barbara Bragg, a former employee.

16.     Ms. Bragg had previously voluntarily resigned her position at UH to work with a doctor in his private practice.

17.     As a condition of re-hiring, UH required Ms. Bragg to complete new-hire orientation.

18.     As a condition of re-hiring, UH also required Ms. Bragg to attend several classes.

19.     Ms. Bragg is substantially younger than Ms. Tonsing.

20.     Ms. Bragg is believed to be approximately 40 years of age.

21.     At all relevant times, Ms. Bragg did not suffer from any serious medical conditions, nor did Ms. Bragg have any disabilities and/or perceived disabilities.

22.     At all relevant times, Ms. Bragg did not request FMLA leave from UH.

23.     In July 2007, Ms. Tonsing was informed by her manager, Jean Neading, that Ms. Bragg was being re-hired as a full time technician.

24.     Ms. Neading informed Ms. Tonsing that she would continue to be "the number one G.I. Tech" in her department.

25.     In November 2008, Ms. Tonsing submitted a request for leave.

26.     Ms. Tonsing's request for leave was brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

27.     Shortly thereafter, UH approved Ms. Tonsing's FMLA request.

28.     The UH-approved FMLA leave was to commence on January 13, 2009.

29.     On December 8, 2008, UH advised that it was terminating Ms. Tonsing's employment.

3

30. At the time UH made the decision to terminate Ms. Tonsing's employment, UH was well-aware of Ms. Tonsing's serious health condition, as evinced by UH's approval of her FMLA leave request.

31. UH had actual knowledge of Ms. Tonsing's serious health condition, disability, and/or perceived disability.

32. According to UH, the termination of Ms. Tonsing's employment was to begin on December 22, 2008.

33. During the course of the termination of Ms. Tonsing's employment, UH advised Ms. Tonsing that her employment was terminated, rather than Ms. Bragg's employment, because Ms. Bragg had greater seniority than Ms. Tonsing.

34. UH's decision resulted in a younger, healthier employee maintaining her employment, while an older, less healthy employee was terminated.

35. UH intended to, and in fact did, discriminate unlawfully against Ms. Tonsing.

36. The decision to terminate either Ms. Tonsing or Ms. Bragg was, pursuant to UH's Human Resource Policy, to be based entirely on seniority.

37. In fact, Ms. Tonsing had more seniority than Ms. Bragg.

38. Ms. Tonsing's and Ms. Bragg's supervisors were aware that Ms. Tonsing had greater seniority than Ms. Bragg.

39. The human resource personnel involved in the decision to terminate Ms. Tonsing's employment were aware that Ms. Tonsing had greater seniority than Ms. Bragg.

40. On December 8, 2008, Ms. Tonsing disputed the allegation that Ms. Bragg had greater seniority.

4

41. Ms. Tonsing repeatedly disputed UH's allegation that Ms. Bragg had greater seniority.

42. Ms. Tonsing expressed her disagreement regarding seniority both verbally and in writing.

43. By way of correspondence dated December 15, 2008, Ms. Tonsing challenged UH's calculation of senority.

44. In response, by way of correspondence dated December 19, 2008, Donna Kwiecien, UH's Human Resources Manager, acknowledged Ms. Tonsing's objection to the calculation of seniority, and advised Ms. Tonsing that the decision to terminate Ms. Tonsing's employment "was not based on your age and pending surgery."

45. UH, by and through Ms. Kwiecien's December 19, 2008 correspondence, advised that "[t]he fact that you have an impending surgery made this outcome even more disheartening for the leadership of our hospital. . . ."

46. Subsequently, in February 2010, UH admitted that it "made a mistake" in terminating Ms. Tonsing's employment.

47. Despite admitting its error, UH refuses to take any action to correct its "mistake."

48. UH's decision to terminate Ms. Tonsing was based upon her age and/or her serious health condition and/or disability.

49. UH's decided to terminate Ms. Tonsing because of her need to take leave that she was entitled to take pursuant to the FMLA.

50. UH's decided to terminate Ms. Tonsing because of her age.

51.     UH's decision to terminate Ms. Tonsing violates the FMLA, the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C.S. § 621 et seq., Ohio Revised Code Chapter 4112, and the public policy of Ohio.

52.     UH has engaged in a pattern and practice of violating such federal and state law.

53.     As a direct and proximate result of UH's decision, Ms. Tonsing has suffered significant damages.

## COUNT ONE - FMLA

54.     Plaintiff incorporates all previous paragraphs of her Complaint as if fully set forth herein.

55.     As set forth above, UH violated the FMLA.

56.     Defendant interfered with, restrained, or denied Ms. Tonsing rights she was entitled to take pursuant to the FMLA in violation of 29 U.S.C. § 2615(a)(1).

57.     As a direct and proximate result of UH's unlawful actions, Ms. Tonsing has suffered damages, including but not limited to, lost wages, lost health insurance coverage, and other benefits of employment.

58.     Ms. Tonsing is entitled to interest, liquidated damages, and equitable relief pursuant to 29 U.S.C. § 2167(a)(1)(A)(ii), 29 U.S.C. § 2167(a)(1)(A)(iii), and 29 U.S.C. § 2617(a)(1)(B).

## COUNT TWO – A.D.A.

59.     Plaintiff incorporates all previous paragraphs of her Complaint as if fully set forth herein.

60.     UH terminated Ms. Tonsing because of her disability and/or perceived disability.

6

61.    As set forth above, UH violated the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.

62.    As a direct and proximate result of UH's unlawful actions, Ms. Tonsing has suffered damages, including but not limited to, lost wages, lost health insurance coverage, and other benefits of employment.

### COUNT THREE – ADEA

63.    Plaintiff incorporates all previous paragraphs of her Complaint as if fully set forth herein.

64.    UH terminated Ms. Tonsing's employment because of her age.

65.    UH violated the Age Discrimination in Employment Act of 1967, 29 U.S.C.S. § 621 et seq. ("ADEA").

66.    As a direct and proximate result of UH's unlawful actions, Ms. Tonsing has suffered damages, including but not limited to, lost wages (past and future), lost health insurance coverage, and other benefits of employment.

### COUNT FOUR- O.R.C. Chapter 4112

67.    Plaintiff incorporates all previous paragraphs of her Complaint as if fully set forth herein.

68.    UH terminated Ms. Tonsing's employment because of her age and/or disability.

69.    UH violated Ohio Revised Code Chapter 4112, including 4112.02 and 4112.99.

70.    As a direct and proximate result of UH's unlawful actions, Ms. Tonsing has suffered damages, including but not limited to, lost wages (past and future), lost health insurance coverage, and other benefits of employment.

7

## COUNT FIVE – PUBLIC POLICY

71.    Plaintiff incorporates all previous paragraphs of her Complaint herein.

72.    A clear public policy exists and is manifested in the federal and state statutes, regulations, and in the common law.

73.     Allowing UH to terminated employees, such as Ms. Tonsing, under these circumstances would jeopardize the public policy.

74.    Ms. Tonsing's dismissal was motivated by conduct related to the public policy.

75.    UH lacks a legitimate business justification for Ms. Tonsing's dismissal.

76.    UH violated the public policy of Ohio.

77.    As a direct and proximate result of UH's unlawful actions, Ms. Tonsing has suffered damages, including but not limited to, lost wages (past and future), lost health insurance coverage, and other benefits of employment.

**Wherefore**, by reason of the foregoing, Plaintiff respectfully demands Judgment against Defendants in an amount to be determined at the trial of this action, plus punitive damages, reasonable attorneys' fees, interest, costs, injunctive relief, and such other relief that the Court deems just and equitable.

Respectfully Submitted,

_Helen Tonsing_
Helen Tonsing, *pro se*

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

_Helen Tonsing_
Helen Tonsing, *pro se*

8